**Julia Mae Anderson BARNHART, Relator,**

v.

**James A. BERTRON, Chairman, Harris County Republican Executive Committee, et al., Respondents.**

**No. 14016.**

Court of Civil Appeals of Texas.

Houston.

April 27, 1962.

Julia Mae Anderson Barnhart, Houston, for appellant.

Charles M. Haden, Hart T. Mankin, Walter Williams, Blake Tartt, Houston, for respondent James A. Bertron, Chairman, Harris County Republican Executive Committee.

Joe Resweber, County Atty., Charles F. Mitchell, Billy R. Kerr, Edward J. Landry, Asst. County Attys., Houston, for respondents R. E. (Bob) Turrentine, County Clerk of Harris County, William M. Elliott, County Judge of Harris County, and Buster Kern, Sheriff of Harris County.

BELL, Chief Justice.

This is an original proceeding by Relator seeking a writ of mandamus against Respondents. We granted leave to file the application.

Relator is a candidate for nomination as the nominee of the Republican Party for Congresswoman for the 22nd District of Texas. Respondent Bertron is the Chairman of the Harris County Republican Executive Committee. Respondent Elliott is County Judge of Harris County. Respondent Turrentine is County Clerk of Harris County. Respondent Kern is Sheriff of Harris County. The last three named Respondents compose the Election Board for Harris County.

Relator complains that Bertron does not intend to appoint election judges for each of the 278 election precincts in Harris County to serve at the primary election to be held May 5. She in effect contends that this is a duty imposed on him and the Harris County Republican Executive Committee. She therefore seeks a writ of mandamus compelling him to appoint, with the assistance and approval of a majority of the members of the Harris County Republican Executive Committee, an election judge for each of the 278 precincts in Harris County. In the alternative she asks that Bertron be required to submit the name of a person to such Executive Committee for each election precinct for confirmation by the Committee.

As against the other Respondents she asks that if we determine it is not necessary that a primary election be held in each precinct, we mandamus such Respondents to accept her name as the Republican nom-

inee should she be entitled to and receive certification from the Chairman of the Harris County Republican Executive Committee that she was nominated at said primary. Respondent Turrentine has announced he will not accept certification of any alleged nominees of the Republican Party unless a primary is held in each election precinct.

After argument of the case by counsel for all parties and after mature study of all pleadings, affidavits and briefs, we have determined that the proceeding should be dismissed.

■ The proceeding must be dismissed as to Respondent Bertron because of the absence of indispensable parties, that is, the members of the Harris County Republican Executive Committee.

Article 13.05 of the Election Code, V.A. T.S. provides that a presiding judge shall be appointed by such Committee chairman *with the assistance and approval* of a majority of the members of such Committee. Article 13.19 of the Election Code provides that the "executive committee" shall have general supervision of the primary in the county.

As we interpret these articles, the selection of election judges, which is a part of the primary which is under the supervision of the whole Committee, is not to be done alone by the Chairman of the Committee, but is to be done by the Chairman and a majority of the members of the Committee. The result is that any order we should issue to the Chairman would not be effective to accomplish anything because the selection of a presiding judge must be concurred in by a majority of the members of the Executive Committee, who are not parties to this suit. We do not sit to determine abstract questions. County Democratic Executive Committee in and for Bexar County v. Booker, 122 Tex. 89, 52 S.W.2d 908.

■ The proceeding must be dismissed as against Respondents Kern and Elliott because while they are members of the Election Board, we are unable to find where the "Election Board" has any duties with regards to determining who are nominees and whose name shall go on the general election ballot. The Board's only duty is to provide necessary supplies for the conduct of the election. Article 7.07, Election Code.

■ As to Respondent Turrentine, the proceeding must be dismissed as being prematurely filed.

The time has not yet arrived for the performance by Turrentine of any duty imposed by law. Mandamus will not lie to compel the performance of a duty not yet due. While it is asserted by Relator, and not denied by Respondent Turrentine, that he does not intend to certify the names of Republican nominees who have been properly certified to him by the proper officer of the Republican Party as nominees chosen at the Republican Primary unless a primary election is held in each election precinct, such threats cannot take the place of default. Mandamus lies to require performance of duty by an officer who is in default. If said Respondent fails to perform the duty imposed on him by law, when time for performance arrives, any person who has a justiciable interest will have sufficient time before the holding of the general election in which to take appropriate action. Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515, 70 A.L.R. 1484.

The cause is dismissed.