Betty CLEVELAND, Appellant,

v.

**COUNTY OF JACK, The Jacksboro Independent School District, The Perrin Independent School District, The City of Jacksboro, The City of Bryson, and The Bryson Independent School District, Appellees.**

No. 2–90–108–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 30, 1991.

William E. Trantham, Dallas, for appellant.

Kenneth G. Mahaffey, Denton, for appellees.

Before WEAVER, C.J., and LATTIMORE and DAY, JJ.

## OPINION

WEAVER, Chief Justice.

This is an appeal from a writ of mandamus order signed by the trial court, which ordered the Jack County Tax Assessor–Collector to make daily deposits of collected tax money and to make monthly reports.

Appellees, the County of Jack, the Jacksboro Independent School District, the Perrin Independent School District, the City of Jacksboro, the City of Bryson, and the Bryson Independent School District, commenced this action against Betty Cleveland, tax assessor-collector for Jack County, Texas, in an attempt to compel her to comply with statutory obligations to make deposits within the statutory time, TEX.LOC.GOV'T CODE ANN. § 113.022 (Vernon 1988), and to make financial reports, TEX.TAX CODE ANN. § 31.10 (Vernon 1982 and Supp.1991).

The original writ of mandamus order was signed by the trial court on April 4, 1990, and was appealed to this court. On August 7, 1990, we signed an order abating the appeal in order to allow the trial court to enter an agreed order of modification. The Order Modifying the Order of Mandamus was signed by the trial court on August 20, 1990, and is the subject of this appeal.

The modified order commands the appellant:

1) to forthwith proceed with all reasonable dispatch to timely make deposits of funds received by her in her capacity as Tax Assessor and Collector of Jack County, Texas, to the proper, appropriate accounts in the designated county depository, to-wit: the Jacksboro National Bank, on or before the next regular business day on which the funds are received, or without fail, on or before the seventh business day after the day on which the funds are received and then promptly disburse said funds to the appropriate entities entitled to said funds, to-wit: the County of Jack, the Jacksboro Independent School District, the Perrin Independent School District, the City of Jacksboro, the City of Bryson and the Bryson Independent School District; and

2) to make monthly reports as Collector of Taxes for each taxing unit referred to above by the 25th day of each month following the month that is the subject of the report for the months of October through January and by the 15th day of the month following the month that is the subject of the report in all other months.

Appellees claim that appellant is under a mandatory, statutory duty to make the deposit and reports as ordered. Appellant does not dispute that such duties are mandatory and we treat them as mandatory

and nondiscretionary for the purpose of this appeal.[1] Under three points of error, appellant attacks the order of mandamus as being moot and useless because no deposits or reports were past due at the time the order was entered. She further claims that the directions in the order are mere recitals of the law and that they do not command her to perform any specific act, and that such directives are speculative and only command her to perform duties arising in the future.

 We agree with appellant's contentions and we sustain her points of error and reverse the mandamus order because we hold that mandamus will not lie to compel compliance with a duty to be performed in the future.

"There are three requisites to a mandamus: a legal duty to perform a non-discretionary act; a demand for performance and a refusal." *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex.1979). In *Love v. Wilcox*, 119 Tex. 256, 28 S.W.2d 515, 526 (1930), the Texas Supreme Court stated that "[t]he general rule is that the writ will not be granted in anticipation of a supposed omission of duty, however strong the presumption may be that the person sought to be coerced by the writ will refuse performance at the proper time." *See City of Ingleside v. Johnson*, 537 S.W.2d 145, 150 (Tex.Civ.App.—Corpus Christi 1976, no writ).

Likewise in *Barnhart v. Bertron*, 356 S.W.2d 390 (Tex.Civ.App.—Houston 1962, no writ), the Houston Court of Appeals stated that a mandamus will not lie to compel the performance of a duty not yet due, even though the party sought to be compelled to act had stated that he would not perform his act unless certain conditions occurred. *Id.* at 392. The court held that such threats cannot take the place of

default. Mandamus lies to require performance of a duty by an officer who is in default.

Appellees point out that appellant has consistently, over a period of years, failed to perform her required statutory duties. Appellees urge this court to take into consideration the procedural difficulty of having to appear before a court each and every time the appellant fails to perform her daily or monthly duties. Based on this rationale, they argue a writ would be justified to compel the appellant to perform acts not yet due. We disagree. There is no showing that appellant is in default in the performance of, or has refused to perform, the acts which she is ordered to perform under the mandamus order.

A writ may extend into the future in redress of past default. *City of Austin v. Cahill*, 99 Tex. 172, 88 S.W. 542 (1905). While this may appear to allow a court to issue a writ to compel the person subject to the writ to perform acts in the future, the writ applies only to those duties which have not been performed in the past. *Id.*, 88 S.W.2d at 552.

In the instant case, the trial court ordered the appellant to make deposits of funds received by her on or before the next business day, and to make monthly reports by a specified day of the following month. The order does not identify any defaults by appellant with respect to past due deposits or reports, and does not specifically order her to make deposits or reports for prior months. We construe the order as an attempt to compel appellant to perform acts in the future with respect to mandatory duties which had not arisen or matured at the time the order was signed. Based on the authorities quoted above, we find that the order modifying the writ of mandamus

---

1. The original mandamus order required appellant to deposit funds received by her with the county treasurer, apparently as requested by appellees pursuant to Tex.Loc.Gov't Code Ann § 113.022. The modified order requires her to deposit these funds to the proper accounts in the Jacksboro National Bank, and then to disburse said funds to the appropriate entities. Although the appellees do not specifically direct our attention to any statutory authority requiring the deposit of these funds with a designated depository, it appears that the tax collector's duty to make such deposits is mandatory under Tex.Tax Code Ann. § 31.10(c) and (d) (Vernon Supp.1991). Appellant appears to acknowledge that the acts which she was ordered to do were mandatory, since each of her points of error complains of the trial court's order as compelling her "to make deposits as required by law and reports as required by law."

issued by the trial court is improper. The order is set aside and the actions of the trial court are reversed.