02-11-265-CV_REH









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00265-CV

 


 
 
 Todd C. Brennan, Valerie S. Smith, Frank Gallison,
 Nanette Gallison, Rebecca Hanley, Gordon Hiebert, Kimberly Hiebert, William
 Hood, Leonila Hood, Layne Kasper, Jessica Kasper, James Kitchen, Martha
 Kitchen, Shaun Kretzschmar, Natalie Kretzschmar, SCOTT MITCHELL, LESLIE
 MITCHELL, EVAN PETERSON, GAYLE PETERSON, BRIAN STAGNER, AMY STAGNER, STEVEN
 TOMHAVE, JETTY TOMHAVE, ROBERT WOOD, AND MARY FRANCES WOOD
 
 
  
 
 
 APPELLANTS
 
 
 
 
 V.
  
 
 
 
 
 City of Willow Park, Texas; City of Aledo, Texas;
 Parker County Appraisal District; Parker County Appraisal Review Board; and
 Larry Hammonds IN HIS OFFICIAL CAPACITY AS PARKER COUNTY TAX
 ASSESSOR/COLLECTOR
  
  
  
  
 
 
  
 
 
 APPELLEES 
 
 


----------

 

FROM THE 43rd
District Court OF Parker COUNTY

----------

 

OPINION
ON REHEARING

----------

 

          On
June 21, 2012, this court issued an opinion reversing the trial court’s
judgment and remanding Appellants’ claims for declaratory judgment, for
injunctive relief, and for a writ of mandamus asserted against all Appellees,
to the trial court for further proceedings.  Appellee City of Aledo filed a
motion for rehearing and motion for en banc reconsideration.  After due
consideration, we deny City of Aledo’s motion but withdraw our prior opinion
and judgment dated June 21, 2012, and substitute the following in its place
solely to correct a factual misstatement in our original opinion that both
Cities[1] had filed collection
suits against Appellants; as pointed out by City of Aledo in its motion, only
City of Willow Park had filed collection suits.

I.  Introduction

The
primary issue that we address in this appeal is whether the trial court erred
by dismissing for want of jurisdiction Appellants’ claims against Appellees for
declaratory judgment, for injunctive relief, and for mandamus.  Because we hold
that the trial court possesses jurisdiction over all of Appellants’ claims
against all Appellees, we will reverse the trial court’s judgment sustaining
Appellees’ pleas to the jurisdiction and remand Appellants’ claims to the trial
court.

II.  Factual
and Procedural Background

          Appellants
own homes in Parker County, Texas.  Appellants received tax bills from Parker
County Appraisal District and paid the bills.  At some point in the fall of
2008, Appellees realized that prior tax bills for the years 2003–2007 that were
submitted by Parker County Appraisal District to Appellants—and paid by
Appellants—had erroneously not included city taxes.  Consequently, in October
2008, Parker County Appraisal District mailed Appellants a “notice” stating
that “pursuant to the requirements of Property Tax Code section 25.21[,]” Appellants’
properties had been “omitted” from the appraisal rolls for the past five
years.  The notices enclosed a tax bill for city taxes for the years 2003­–2007,
and the notices stated that the “total tax shown on the attached statement is
due upon receipt.”

On
December 9, 2008, Parker County Appraisal Review Board (ARB) approved the
supplemental appraisal records for the year 2008 as corrected and found that
the supplemental appraisal records “should be . . . added to the appraisal roll
for the district.”

Appellants
refused to pay the tax bills purportedly assessing back city taxes for the
years 2003–2007, and City of Willow Park filed collection suits against Appellants. 
Appellants joined third-party defendants City of Aledo, Parker County Appraisal
District, Parker County ARB, each of Parker County ARB’s members in their
official capacity, and Larry Hammonds in his official capacity as Parker County
Tax Assessor/Collector.[2] Appellants also asserted
counterclaims and third-party claims for declaratory judgment, injunctive
relief, and mandamus.

Appellees
filed pleas to the jurisdiction, alleging that Appellants had not exhausted
their administrative remedies and that, in any event, Appellees were entitled
to governmental immunity.  Following a hearing, the trial court granted
Appellees’ pleas to the jurisdiction, ordering that all counterclaims and
third-party claims asserted by Appellants were dismissed with prejudice.[3] 


Appellants
perfected this appeal, raising one issue that contains three subissues.  In
subissues A and B, Appellants claim that their failure to pursue any protest
procedures does not deprive the trial court of jurisdiction over their claims. 
In subissue C, Appellants claim that the doctrine of governmental immunity does
not bar their claims.

III.  Standard
of Review

A
plea to the jurisdiction challenges the trial court’s authority to determine
the subject matter of the action.  See Tex. Dep’t of Transp. v. Jones, 8
S.W.3d 636, 638 (Tex. 1999).  It is the plaintiff’s burden to allege facts that
affirmatively establish the trial court’s subject matter jurisdiction.  See
Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).
 In determining whether the plaintiff has met this burden, we look to the
allegations in the plaintiff’s pleadings, accept them as true, and construe
them in favor of the plaintiff.  See Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  While we must construe the
allegations in favor of the plaintiff, we are not bound by legal conclusions.  Tex.
Natural Res. & Conservation Comm’n v. White, 13 S.W.3d 819, 822 (Tex. App.—Fort
Worth 2000), rev’d on other grounds, 46 S.W.3d 864 (Tex. 2001); Tex.
Parks & Wildlife Dep’t v. Garrett Place, Inc., 972 S.W.2d 140, 143
(Tex. App.—Dallas 1998, no pet.).  When deciding a plea to the jurisdiction, we
must consider evidence “when necessary to resolve the jurisdictional issues raised.”
 Bland ISD v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).  The standard of
review of an order granting a plea to the jurisdiction is de novo.  Tex.
Natural Res. Conservation Comm’n v. IT–Davy, 74 S.W.3d 849, 855 (Tex. 2002);
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert.
denied, 526 U.S. 1144 (1999).

IV.  The Trial Court’s Jurisdiction

          Appellees’
pleas to the jurisdiction asserted two grounds for their contention that the
trial court lacked jurisdiction over Appellants’ counterclaims and third-party
claims for declaratory judgment, for injunctive relief, and for mandamus: 
first, that Appellants failed to exhaust their administrative remedies under
the tax code;[4] and second, that
governmental immunity bars Appellants’ suit.  We address these issues in turn.

A. 
Exhaustion of Administrative Remedies

1. 
The Law

          The
statutory administrative review requirements of the tax code are mandatory and
jurisdictional.  See, e.g., Cameron Appraisal Dist. v. Rourk, 194
S.W.3d 501, 502 (Tex. 2006); Matagorda Cnty. Appraisal Dist. v. Coastal
Liquids Partners, L.P., 165 S.W.3d 329, 331 (Tex. 2005).  The policy behind
the exhaustion-of-administrative-remedies doctrine is to allow the agency involved
to resolve disputed issues of fact and policy and to assure that the
appropriate body adjudicates the dispute.  Essenburg v. Dallas Cnty., 988
S.W.2d 188, 189 (Tex. 1998).  Similarly, the policy seeks to encourage parties
to resolve their dispute without resorting to litigation when an administrative
procedure is provided for that purpose.  See Strayhorn v. Lexington Ins. Co.,
128 S.W.3d 772, 780 (Tex. App.—Austin 2004), aff’d, 209
S.W.3d 83 (Tex. 2006); Vela v. Waco ISD, 69 S.W.3d 695, 702 (Tex. App.—Waco
2002, pet. withdrawn).  But there are several long-recognized exceptions to the
exhaustion-of-administrative-remedies doctrine:  (1) when an injunction is
sought and irreparable harm would result; (2) when the administrative agency
cannot grant the requested relief; (3) when the issue presented is purely a question
of law; (4) when certain constitutional issues are involved; and (5) when an
administrative agency purports to act outside its statutory powers.  Strayhorn,
128 S.W.3d at 780; Gibson v. Waco ISD, 971 S.W.2d 199, 201–02 (Tex. App.—Waco
1998), vacated on other grounds, 22 S.W.3d 849 (Tex. 2000); see Larry
Koch, Inc. v. Tex. Natural Res. Conservation Comm’n, 52 S.W.3d 833, 839–40
(Tex. App.—Austin 2001, pet. denied).  In the case of an agency acting outside
of its statutory power, “the purposes underlying the exhaustion rule are not
applicable:  judicial and administrative efficiency are not served, and agency
policies and expertise are irrelevant, if the agency’s final action will be a
nullity.”  Strayhorn, 128 S.W.3d at 780 (quoting Larry Koch, Inc.,
52 S.W.3d at 840).  

2. 
Application of the Law to the Present Facts

The
October 3, 2008 “Notice of Omitted Property Determination” and the enclosed tax
bill that Appellants received provided, in pertinent part:

This Notice is
provided pursuant to the requirements of Texas Property Tax Code Sec. 25.21,
which requires the chief appraiser, if he discovers that real property was
omitted from an appraisal roll in any one of the five preceding years, to add
the appraised value of the omitted property to the appraisal records as of
January 1 of each year that it was omitted.  Please be advised that the [City
of Willow Park or City of Aledo] has informed me that the property described
above was located within its jurisdiction but was not included on its appraisal
roll for the tax years described on the attached tax statement.  Therefore, the
property value must be supplemented to the City’s appraisal roll and [City of
Willow Park or City of Aledo] taxes collected for each year that it was
omitted.  

 

You have the right to
appeal this determination to the Parker County Appraisal Review Board (ARB). .
. .

          

The total tax shown
on the attached statement is due upon receipt and will be delinquent if not
paid before February 1, 2010.

It
is undisputed that the October 3, 2008 determination of omitted property was
the only notice provided to Appellants, that tax bills were enclosed with the determination,
and that Appellants did not file a protest.

          The
December 9, 2008 Parker County ARB order approving the supplemental appraisal
records for 2008 provides:

ORDER APPROVING
SUPPLEMENTAL

APPRAISAL RECORDS FOR
2008

 

On December 9, 2008,
the Appraisal Review Board of Parker County, Texas, met to approve supplemental
appraisal records for tax year 2008.

 

The board finds that
the supplemental records, as corrected by the chief appraiser according to the
orders of the board, should be approved and added to the appraisal roll for the
district.

 

          The board
therefore APPROVES the supplemental records as corrected. 

The
chairman of Parker County ARB signed the order.  Appellants did not file any
type of protest from this order.

Appellees
argue that section 42.09, entitled “Remedies Exclusive,”[5]
bars Appellants’ counterclaims and third-party claims for declaratory relief,
injunctive relief, and mandamus relief because Appellants failed to exhaust
their administrative remedies as set forth in chapter 41 of the tax code
concerning either the October 28 determination of omitted property, the
enclosed tax bill, or the December 9, 2008 Parker County ARB order.  See
Tex. Tax Code Ann. §§ 42.09, 41.01–.71 (West 2008) (outlining the
administrative protest procedure available to a property owner to challenge
valuation of his property by an appraisal district); see generally Webb Cnty.
Appraisal Dist. v. New Laredo Hotel, 792 S.W.2d 952, 954 (Tex. 1990) (discussing
protest procedure).  Appellants, on the other hand, argue that exhaustion of
administrative remedies—that is, utilization of the protest procedure set forth
in chapter 41—was not required based on the exceptions to the exhaustion-of-administrative-remedies
doctrine.  Appellants argue that the doctrine does not apply because Appellees
acted outside their statutory powers.[6] 

Specifically,
Appellants contend that the October 2008 notice and enclosed tax bill—both
purportedly generated under the authority of section 25.21—were not subject to
protest under any provision of the tax code because section 25.21 does not
authorize the addition of a taxing unit to appraisal records when the subject property
is already properly appraised and is already contained in the appraisal
district’s appraisal records.  According to Appellants, the action of the chief
appraiser—in utilizing section 25.21 to purportedly add to the district’s
appraisal records the Cities as taxing units of Appellants’ properties—is void,
without statutory authority, violates Appellants’ due process rights, and
provides no basis for the tax bills that Appellants received simultaneously
with the notices.  Also according to Appellants, the actions of Parker County ARB
and Parker County Appraisal District—in authorizing the tax assessor/collector
to utilize section 25.21 to issue tax statements for back city taxes based on
the addition of taxing units of Appellants’ properties for the years 2003–2007 and
in approving supplemental appraisals for the tax year 2008 that purportedly
contain the assessment of back city taxes on Appellants’ properties for the
years 2003–2007 based on the addition of the taxing units—are likewise void, without
statutory authority, and violate Appellants’ due process rights.  Thus,
Appellants argue that, because the actions of Parker County Appraisal District
and Parker County ARB were all outside the statutory authority granted them
under the tax code, the acting-outside-statutory-powers exception to the
exhaustion-of-administrative-remedies doctrine applies here.  We address the
application of this exception to the present facts, that is, whether Parker
County Appraisal District and Parker County ARB acted outside their statutory
authority by purporting to add the Cities as taxing units of Appellants’
properties for the years 2003–2007 under the authority of section 25.21, by assessing
back taxes on Appellants’ properties based on the addition of the Cities as
taxing units, and by approving the subsequent 2008 supplemental appraisal
records, so as to excuse Appellants from exhausting administrative remedies.

The
notices sent to Appellants indicated that they were sent pursuant to section
25.21.  That section provides:

§ 25.21.  Omitted
Property

 

(a)  If the chief
appraiser discovers that real property was omitted from an appraisal
roll in any one of the five preceding years or that personal property was
omitted from an appraisal roll in one of the two preceding years, he shall
appraise the property as of January 1 of each year that it was omitted and enter
the property and its appraised value in the appraisal records.

 

(b) 
The entry shall show that the appraisal is for property that was omitted
from an appraisal roll in a prior year and shall indicate the year and the
appraised value for each year.

Tex.
Tax Code Ann. § 25.21 (West 2008) (emphasis added).  This section addresses the
situation in which property has been omitted from the appraisal
district’s appraisal records.  The remedy provided by this section is the entry
of “the property and its appraised value in the appraisal records.”  Id.
(emphasis added).

          The
terms “property” and “taxing unit” are not interchangeable; the tax code
defines the term “property” as “any matter or thing capable of private
ownership” and defines the term “taxing unit” as including “an incorporated
city or town (including a home-rule city).”  Id. § 1.04(1), (12) (West
2008).  When a statute defines a term, we are bound to construe that term by
its statutory definition only.  See Tex. Gov’t Code Ann. § 311.011(b)
(West 2005); Tex. Dep’t of Transp. v. Needham, 82 S.W.3d 314, 317 (Tex.
2002); Transp. Ins. Co. v. Faircloth, 898 S.W.2d 269, 274 (Tex. 1995).

Here,
Appellants’ properties were already properly appraised and entered in
the appraisal records of Parker County for the years 2003–2007.  Indeed,
Appellants paid all property taxes assessed against their properties for the
years 2003–2007.  The problem here was that taxing units––specifically, the
Cities––were not listed in the 2003–2007 Parker County appraisal records as
taxing units in which Appellants’ properties were taxable.  Thus, the taxes
assessed against Appellants’ properties and paid by Appellants for the years 2003–2007
did not include city taxes.  The remedy for omitted property set forth in
section 25.21––appraising the property as of January 1 of each year that it was
omitted and entering the property and its appraised value in the appraisal
records––accomplishes nothing here.  Appellants’ properties were already
properly appraised for the years 2003, 2004, 2005, 2006, and 2007 and were already
properly entered in Parker County’s appraisal records for those years.  No
remedy is provided in section 25.21 for omitted taxing units.[7] 
Thus, Appellees acted outside their statutory authority by utilizing section
25.21 to add the Cities as taxing units of their properties.

Appellees
also contend that section 25.23(a)(1), entitled “Supplemental Appraisal Records,”
authorized them to utilize section 25.21 to include the Cities as taxing units
in supplemental 2008 appraisal records and that Parker County ARB’s December 9,
2008 order approved those supplemental appraisal records.  Appellees then assert
that Appellants should have protested the December 9, 2008 ARB order. 
Appellees’ argument fails for two reasons.  First, section 25.23(1), like
section 25.21, authorizes supplemental appraisal records that add omitted
“property,” not omitted “taxing unit[s,]” and the two statutorily defined terms
are not interchangeable.  See Tex. Tax Code Ann. §§ 1.04(1), (12), 25.23(a)(1)
(West 2008).  We cannot construe section 25.23(a)(1) as authorizing the
addition of “taxing units” to appraisal records via supplemental appraisal
records when section 25.23 uses the term “property.”  See Tex. Gov’t
Code Ann. § 311.011(b); see also Tex. Lottery Comm’n v. First State Bank of
DeQueen, 325 S.W.3d 628, 637–38 (Tex. 2010) (explaining that even when it
appears that the legislature may have made a mistake, courts are not empowered
to “fix” the mistake by disregarding direct and clear statutory language that does
not create an absurdity).  Second, to the extent that section 25.23 may be
construed to authorize the chief appraiser to prepare supplemental appraisal
records including property that was omitted from an appraisal roll in a prior
tax year (like Appellees contend Appellants’ properties were omitted from the Cities’
appraisal rolls here), section 25.23 dictates the substantive and procedural
mechanisms required to generate supplemental appraisal records.  See
Tex. Tax Code Ann. § 25.23.  Section 25.23 mandates that the supplemental
appraisal records “shall” include the items set forth in section 25.02 and that
the chief appraiser “shall” certify the addition to the taxing units.  Id.
§ 25.23(a)(1), (2), (b), (e).  One of the items that section 25.02 requires to
be included in any supplemental appraisal record is “the tax year to which the
appraisal applies.”  Id. § 25.02(a)(10).  The jurisdictional facts
submitted to the trial court by Appellants via an affidavit and the attachments
thereto establish that the supplemental appraisal records generated by Appellees
included only 2008 as the tax year to which the appraisal applied.  The
jurisdictional facts submitted to the trial court by Appellants also establish
that the supplemental appraisal records generated by Appellees have not been certified
to the Cities and that the Cities’ appraisal rolls have not been altered to
include Appellants’ properties for the years 2003–2007.  Appellants argue that
because of these statutory deficiencies, even if section 25.23 authorizes
Appellees to add taxing units via supplemental appraisal records, Appellees
have not complied with the statutory prerequisites to accomplish this and that,
therefore, “nothing has actually happened vis-à-vis the Appellants that
would require the Appellants to take any action under the Tax Code for the tax
years 2003 to 2007.”  In other words, Appellants argue that Appellees did not in
fact generate supplemental appraisal records for tax years 2003–2007 and that
the December 9, 2008 ARB order applied only to the tax year 2008, such that a
protest of the 2008 order was unnecessary and not relevant to Appellants’
complaints about the 2003–2007 back taxes.

Appellees
argue that supplemental appraisal records assessing back taxes are to be
included in the current year’s appraisal records and cite Atascosa County v.
Atascosa County Appraisal Dist., 990 S.W.2d 255, 258 (Tex. 1999), for this
proposition.  Appellees may be correct; however, the proposition of law is not
relevant here because—as discussed above—based on the jurisdictional facts in
the record, no supplemental appraisal records exist for the years 2003–2007,[8]
and thus supplemental appraisal records for the years 2003–2007 could not have
been included within the supplemental appraisal records approved by Parker
County ARB in its December 9, 2008 order approving supplemental appraisal
records for 2008.  Because section 25.23(a)(1) does not authorize the inclusion
of the Cities as taxing units in supplemental appraisal records and because the
statutory requisites for inclusion of Appellants’ properties on the Cities’
appraisal rolls for the tax years 2003–2007 via supplemental appraisal records
were not met, Parker County ARB acted outside its statutory authority by
purporting to approve the inclusion of the Cities as taxing units of Appellants’
properties for the years 2003–2007 via the December 9, 2008 order approving
supplemental appraisal records for 2008.

Appellees
next contend that Atascosa County and section 11.43(i) support the
proposition that the chief appraiser may utilize section 25.21 to add taxing
units to the county’s appraisal records when those taxing units were omitted from
the county’s appraisal records in prior years.  Our review of Atascosa County
and of section 11.43(i) reveals no such support.  In Atascosa County,
the county and the school district filed a challenge petition pursuant to tax
code section 41.03 claiming that property owned by a previously not-for-profit hospital
had been erroneously granted tax-exempt status after the hospital became a
for-profit entity and sought back-appraisal for the previous five years.  990
S.W.2d at 256–57.  The supreme court explained that the chief appraiser has a
duty to appraise property and that tax code section 11.43(i) mandates the
reappraisal of property for the years it either was excluded from taxation
based on an erroneous exemption or was subject to reduced taxation based on an
erroneous exemption.  Id. at 257; see Tex. Tax Code Ann. §
11.43(i) (West Supp. 2012) (providing that if chief appraiser discovers that an
exemption has been erroneously allowed in any one of the preceding five years,
he shall add the property or appraised value that was erroneously exempted for
each year to the appraisal roll as provided by section 25.21).  The remedy for
an erroneously allowed exemption is for the chief appraiser to reappraise the
property without applying the erroneous exemption and to add the erroneously exempted
property or the value of the erroneously applied exemption to the appraisal
roll.  Tex. Tax Code Ann. § 11.43(i).  Here, unlike in Atascosa County,
the chief appraiser did not discover that Appellants had been erroneously
allowed to claim an exemption to their properties; here, Appellants claimed no
exemption, and no exemption was applied to their properties.  Here, unlike in Atascosa
County, there is nothing for the chief appraiser to reappraise; Appellants’
properties were properly appraised and were properly entered in the county’s
appraisal records at their appraised values for the years 2003–2007.  Here,
unlike in Atascosa County, the remedy sought by Appellees is not the
addition of erroneously exempted property or the addition to a property’s appraisal
of the value of an erroneously applied exemption.  Appellees here seek the
addition of taxing units to the county’s appraisal records.  Neither Atascosa
County nor section 11.43(i) supports the proposition that section 25.21 may
be utilized to add taxing units to the county’s appraisal records.

Accordingly,
in our de novo review of the trial court’s dismissal of Appellants’ claims for
want of jurisdiction, we hold that based on the pleadings, the jurisdictional
facts presented, and the relevant provisions of the tax code, Appellants’
failure to exhaust administrative remedies concerning the October 2008 section
25.21 notice and enclosed tax bill or concerning the December 9, 2008 Parker
County ARB order approving supplemental appraisal records for 2008 falls within
one of the doctrine’s exceptions––that being that Appellees Parker County
Appraisal District and Parker County ARB acted outside their statutorily
authorized power by utilizing section 25.21 and/or section 25.23(a)(1) to
assess back city taxes against Appellants based on the omission of taxing units
from the district’s appraisal records.[9]  Having determined that Appellants’
failure to pursue any type of protest procedure falls within the
acting-outside-statutory-powers exception to the exhaustion-of-administrative-remedies
doctrine, we sustain subissues A and B of Appellants’ sole issue.

B.  Governmental Immunity
Concerning

Claims for
Declaratory Judgment, Injunctive Relief, and Mandamus

 

1.  Declaratory
Judgments

 

a.  The Law

The Declaratory
Judgments Act (DJA) grants any litigant whose rights are affected by a statute
the opportunity to obtain a declaration of those rights under the statute and
requires that all relevant parties be joined in any declaratory judgment suit.  Tex.
Civ. Prac. & Rem. Code Ann. §§ 37.004, .006(a) (West 2008) (“When
declaratory relief is sought, all persons who have or claim any interest that
would be affected by the declaration must be made parties.  A declaration does
not prejudice the rights of a person not a party to the proceeding”); see
also Tex. Lottery Comm’n, 325 S.W.3d at 634.  Therefore, when a
governmental entity is a necessary party to a statutory cause of action, such as
an action under the DJA for interpretation of a statute, sovereign immunity is
expressly waived.  See City of La Porte v. Barfield, 898 S.W.2d
288, 297 (Tex. 1995), superseded by statute on other grounds as stated in
Travis Cent. Appraisal Dist. v. Norman, 342 S.W.3d 54 (Tex. 2011); see
also Tex. Lottery Comm’n, 325 S.W.3d at 634 (noting that because
DJA permits statutory challenges and governmental entities may be bound by
those challenges, the Act contemplates that the entities must be joined in
those suits); Tex. Educ. Agency v. Leeper, 893 S.W.2d 432, 445–46 (Tex. 1994)
(same).  The DJA allows courts to declare relief––i.e., construe
statutes––whether or not further relief is or could be claimed.  Tex.
Lottery Comm’n, 325 S.W.3d at 635.

A
declaratory judgment action may also be brought by private parties seeking
declaratory relief against state officials who allegedly act without legal or
statutory authority; such suits are not suits against the State because “suits
to compel state officers to act within their official capacity do not attempt
to subject the State to liability.”  IT–Davy, 74 S.W.3d at 855
(citations omitted); Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405
(Tex. 1997); see also City of El Paso v. Heinrich, 284 S.W.3d
366, 371 (Tex. 2009) (explaining that suits to require state officials to
comply with statutory or constitutional provisions are not prohibited by
sovereign immunity).  Nor will governmental immunity defeat a claim for
declaratory or injunctive relief seeking the refund of illegally collected
taxes or fees if the plaintiff alleges “that the payments were made as a result
of fraud, mutual mistake of fact, or duress, whether express or implied.” See
Tara Partners, Ltd. v. City of S. Houston, 282 S.W.3d 564, 576 (Tex. App.—Houston
[14th Dist.] 2009, pet. denied); see also Rolling Plains Groundwater Conservation
Dist. v. City of Aspermont, 353 S.W.3d 756, 759 (Tex. 2011); Dallas Cnty.
Cmty. Coll. Dist. v. Bolton, 185 S.W.3d 868, 876–79 (Tex. 2005); Camacho
v. Samaniego, 954 S.W.2d 811, 822 (Tex. App.—El Paso 1997, writ denied).

b. 
Application of the Law to the Present Facts

          Liberally
construing Appellants’ pleadings, as we must, Appellants pleaded two
declaratory judgment claims.  See Miranda, 133 S.W.3d at 226 (requiring
liberal construction of plaintiff’s pleadings).  First, they asserted a claim
for declaratory judgment of the rights, duties, and obligations of the parties
under the various cited tax code provisions to define the boundaries of what is
permissible under the law for Government Entities (Parker County Appraisal
District, Parker County ARB, and the Cities) and Government Officials (Larry
Hammonds as Parker County Tax Assessor/Collector and the members of Parker
County ARB in their official capacity) seeking to recover city taxes from Appellants
for the years 2003–2007.  Second, Appellants also pleaded that Larry Hammonds
in his official capacity as Parker County Tax Assessor/Collector acted outside his
statutorily authorized authority by purporting to utilize section 25.21 to add
the Cities as taxing entities of Appellants’ properties for the years 2003–2007
and by issuing an illegal or void tax bill based on the unlawful addition of
the Cities as taxing entities and that the members of Parker County ARB in
their official capacity also possessed no legal or statutory authority to “supplement”
Parker County Appraisal District’s appraisal records with the omitted taxing
units in the way that they attempted to, by purporting to utilize sections
25.21 and 25.23.

          Our
holdings above––that Appellants were not required to exhaust their
administrative remedies because section 25.21 did not authorize Parker County
Appraisal District to add the Cities as taxing units of Appellants’ properties
for the years 2003–2007, and that because neither section 25.21 nor section
25.23(a)(1) authorized Parker County ARB to supplement the Parker County Appraisal
District’s appraisal records to add the Cities as taxing units of Appellants’
properties or to the extent section 25.23 did authorize the supplementation of
the Cities’ appraisal rolls with Appellants’ properties, these Appellees failed
to comply with the statutory requisites to do so––are dispositive of the pleas
to the jurisdiction asserted by Larry Hammonds in his official capacity as tax
assessor/collector and by the members of Parker County ARB in their official
capacity concerning Appellants’ declaratory judgment claims.

The
general rule in Texas is that courts do not interfere with the statutorily
conferred duties and functions of an administrative agency.  Westheimer ISD
v. Brockette, 567 S.W.2d 780, 785 (Tex. 1978).  But, if a state agency or
official acts without authority and contrary to express statutes, the aggrieved
party may appeal directly to the courts.  MAG-T, L.P., 161 S.W.3d at 625;
Strayhorn, 128 S.W.3d at 777.  An action to determine or protect a
private party’s rights against a state official who has acted without legal or
statutory authority is not a suit against the State that sovereign immunity
bars.  See Heinrich, 284 S.W.3d at 368.  This is because a state
official’s illegal or unauthorized actions are not acts of the State.  Fed.
Sign, 951 S.W.2d at 404.  But, because a state agency or official acting
without legal or statutory authority is not acting on behalf of the State, such
a suit––including a declaratory judgment action—must be brought against the
state actors in their official capacity.  Heinrich, 284 S.W.3d at 377
(recognizing Heinrich “has sued the Board members in their official capacities,
and her claims are therefore not automatically barred by immunity”).  This is
true, even though the suit is, for all practical purposes, a suit against the State. 
Id.

Appellants
asserted a declaratory judgment action against Larry Hammonds in his official
capacity as tax assessor/collector of Parker County Appraisal District and
against each member of Parker County ARB in their official capacity, alleging
in part that “immunity is waived or excepted by actions taken by government
officials that are ultra vires of the scope of their authority.”  Construing
Appellants’ pleadings liberally, as we must, we hold that the trial court erred
by granting the plea to the jurisdiction of Appellee Hammonds in his official
capacity as Parker County’s Tax Assessor/Collector and the plea to the
jurisdiction of Appellees who are the members of Parker County ARB sued in
their official capacity on Appellants’ declaratory judgment action against them
seeking a declaration that they acted outside their legal and statutory
authority and that their actions were therefore void.  Accord MHCB
(USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist. Review Bd.,
249 S.W.3d 68, 86–87 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding
trial court erred by dismissing claims for declaratory and injunctive relief
for want of subject matter jurisdiction when plaintiffs sought “only a
determination of whether the District and Board acted without authority in
their respective actions” and decided before Heinrich’s clairification
that such suits should be brought against the state actors in their official
capacity).

Appellants’
claim for a declaration of their rights under the tax code provisions likewise
constitutes a proper declaratory judgment.  See Tex. Lottery Comm’n,
325 S.W.3d at 634–35 (explaining that the DJA “permits statutory challenges”). 
And all remaining Appellees––Parker County Appraisal District, Parker County
ARB, and the Cities—are necessary parties to this claim.  See id. at 634
(recognizing that “because the DJA permits statutory challenges and
governmental entities may be bound by those challenges, the DJA contemplates
entities must be joined in those suits”).  When a governmental entity is a
necessary party to a statutory cause of action, such as an action under the DJA
for interpretation of a statute, sovereign immunity is expressly waived.  See
Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a); Tex. Lottery Comm’n,
325 S.W.3d at 634; City of La Porte, 898 S.W.2d at 297.

Appellee
City of Aledo concedes that the DJA provides a statutory waiver of governmental
immunity in declaratory judgment actions for governmental entities that the Act
requires to be joined.  But Appellee City of Aledo nonetheless argues that it
was not required to be joined to Appellants’ declaratory judgment action
because Appellants do not seek construction of “any Aledo ordinance or franchise.”
 The Texas Supreme Court in Texas Lottery Commission rejected a similar
contention, holding that “because the DJA permits statutory challenges
and governmental entities may be bound by those challenges, the DJA
contemplates entities must be joined in those suits.”  325 S.W.3d at 634
(emphasis added).  Thus, governmental entities must be joined not only, as City
of Aledo contends, when a declaratory judgment action seeks construction of the
governmental entities’ ordinance or franchise, but also when a declaratory
judgment action seeks construction of a statute and a governmental entity may
be bound by the statutory challenge.  See id.  Thus, City of Aledo, as
well as City of Willow Park, Parker County Appraisal District, and Parker
County ARB are properly joined in Appellants’ suit seeking a declaration of
their rights under the cited tax code provisions.

Finally,
both City of Willow Park and City of Aledo claim that the DJA does not waive
their immunity from suit becaue they claim Appellants are seeking to “recover
damages.”  Appellants do not seek “damages”; at most they seek a
refund of the assessed back city taxes paid by some Appellants as a result of
the allegedly void actions of Appellees or attributable to Appellees. 
Appellants pleaded that any Appellants “who made any full or partial payments
of the illegal bills sent out by Larry Hammond did so under duress.”  Thus, because
Appellants pleaded that illegal taxes were paid under duress, governmental
immunity does not bar Appellants’ claim for declaratory relief that also seeks
the refund of illegally collected taxes.  See, e.g., Tara Partners,
Ltd., 282 S.W.3d at 576; see also Highland Church of Christ v.
Powell, 640 S.W.2d 235, 237 (Tex. 1982) (holding that duress may be implied
from a statute that imposes a penalty and interest for failure to timely pay a
tax); State v. Akin Prods. Co., 155 Tex. 348, 351, 286 S.W.2d 110,
111–12 (1956) (holding that if a reasonably prudent man finds that in order to
preserve his property or to protect his business interest it is necessary to
make a payment of money that he does not owe, the taxes are paid under duress).

Reviewing
de novo the trial court’s dismissal of Appellants’ declaratory judgment claims
against all Appellees for want of jurisdiction, we hold that based on the
pleadings and the jurisdictional facts presented, the trial court possesses
jurisdiction over Appellants’ declaratory judgment actions against all
Appellees.

2. 
Injunctive Relief[10]

a. 
The Law

Although
there is no implied private right of action for damages against governmental
entities for violations of the Texas constitution, suits for equitable
remedies, like an injunction, for violation of constitutional rights are not
prohibited.  City of Beaumont v. Bouillion, 896 S.W.2d 143, 144, 149
(Tex. 1995). Suits for injunctive relief may be maintained against governmental
entities to remedy violations of the Texas constitution. City of Elsa v.
M.A.L., 226 S.W.3d 390, 391 (Tex. 2007) (concluding court of appeals did
not err by refusing to dismiss plaintiffs’ claims against governmental entities
for injunctive relief based on alleged constitutional violations). 
Additionally, sovereign or governmental immunity does not apply to suits
against government officials in their official capacity that complain of a
failure to comply with statutory or constitutional provisions or of acting
without legal authority and seek prospective injunctive relief.  See, e.g.,
Heinrich, 284 S.W.3d at 372; City of Round Rock v. Whiteaker, 241
S.W.3d 609, 628 (Tex. App.—Austin 2007, pet. denied).

b. 
Application of the Law to the Present Facts

Appellants
pleaded that Appellees had violated their due process and equal protection
rights under the Texas constitution by voiding the tax bills issued to many
landowners similarily situated to Appellants; Appellants alleged that some similarly
situated landowners “were not required to pay taxes for the tax years 2003–2007
even for the years in which they owned the properties.” Appellants pleaded in
part that

61.  The Cities and
Larry Hammonds are seeking to collect assessments from Counter-Plaintiffs and
the class members[11] for prior years,
which assessments this lawsuit seeks to have declared void.

 

62.  The Government
Officials have committed various acts that are ultra vires of the scope
of their authority under the Tax Code and that violate the due process and
equal protection clauses of the Texas Constitution.

 

63.  Specifically,
the Tax Code limits the method and process by which the Government Entities and
Government Officials may assess and collect taxes––that method and process
constitutes due process for the taxpayers.  By failing to operate within that
method and process, the Government Entities and Government Officials have
violated due process.

 

64.  Additionally,
the attempted collection of assessments from any Counter-Plaintiffs and class
members who obtained their properties in the midst of the 2003–2007 period and
the refusal to collect the taxes from the prior owners constitutes an equal
protection violation.

 

65. 
Counter-Plaintiffs and the class members will suffer immediate and irreparable
injury, loss, or damage if the collection of the assessments described above is
not permanently enjoined because Counter-Plaintiffs could suffer the loss or
diminution of their property via tax liens and significant penalties and
interest through the imposition and collection of the assessments on their
respective properties.  Additionally, the loss of constitutional protection is
irreparable harm.

 

66. 
Counter-Plaintiffs do not have an adequate remedy at law because money alone
will not compensate for the imposition of illegal assessments on
Counter-Plaintiffs’ properties or the failure of the Government Entities and
Government Officials to comply with the law and the Texas Constitution. 

Appellants
sought an injunction enjoining Appellees from exceeding the scope of their
authority and restraining them from collection of the “invalid assessments.”

          Reviewing
the trial court’s ruling on Appellees’ pleas to the jurisdiction de novo and
construing the pleadings liberally in favor of Appellants, we hold that the
trial court erred when it determined that it lacked jurisdiction over
Appellants’ claim for injunctive relief against all Appellees based on either Appellants’
failure to exhaust administrative remedies or Appellees’ alleged governmental
immunity.  See Lowell v. City of Baytown, 356 S.W.3d 499, 501
(Tex. 2011) (upholding court of appeals’ reversal of trial court’s grant of
plea to the jurisdiction on firefighters’ claim for prospective injunctive
relief); Bell v. City of Grand Prairie, 221 S.W.3d 317, 325 (Tex. App.—Dallas
2007, no pet.) (concluding “appellants’ request for an injunction requiring the
City to comply with section 143.041 in the future is not barred by governmental
immunity”).

3. 
Mandamus

a.  The
Law

The
Texas constitution empowers trial courts to issue writs of mandamus to compel
public officials to perform ministerial acts.  Tex. Const. art. V, § 8; In
re Nolo Press/Folk Law, Inc., 991 S.W.2d 768, 775 (Tex. 1999) (orig.
proceeding) (noting that “[g]enerally, the district court has exclusive
original jurisdiction over mandamus proceedings except when the Constitution or
a statute confers original jurisdiction on another tribunal”); see also Cleveland
v. Cnty. of Jack, 802 S.W.2d 906, 907 (Tex. App.—Fort Worth 1991, no writ)
(addressing trial court writ of mandamus directed to Jack County Tax
Assessor).  An original proceeding for a writ of mandamus initiated in the
trial court is a civil action subject to trial and appeal on substantive issues
and rules of procedure as any other civil suit.  See Guthery v. Taylor,
112 S.W.3d 715, 720 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing Anderson
v. City of Seven Points, 806 S.W.2d 791, 792 n.1 (Tex. 1991)).  But a writ
of mandamus will issue only to correct a clear abuse of discretion or the
violation of a duty imposed by law and when there is no other adequate remedy
at law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (explaining
that “[m]andamus issues only to correct a clear abuse of discretion” and
“[m]andamus will not issue where there is a clear and adequate remedy at law,
such as a normal appeal”); Appraisal Review Bd. of Harris Cnty. Appraisal
Dist. v. O'Connor & Assocs., 267 S.W.3d 413, 418 (Tex. App.—Houston
[14th Dist.] 2008, no pet.) (same).

b. 
Application of the Law to the Present Facts

Appellants
sought a writ of mandamus compelling the Government Officials (Larry Hammonds
in his official capacity as Parker County Tax Assessor/Collector and each
member of Parker County ARB acting in their official capacity) to void the
assessments on Appellants’ properties by the Cities for the tax years 2003–2007
and to refund all ad valorem taxes paid to the Cities on Appellants’ properties
for the tax years 2003–2007.  Appellees argue that the trial court correctly
granted their pleas to the jurisdiction on Appellants’ claim for a writ of
mandamus because Appellants possess an adequate remedy at law.

Appellees’
adequate-remedy-at-law argument is not relevant to whether or not the trial
court possesses subject matter jurisdiction over Appellants’ pleaded claim
seeking mandamus relief.  The trial court possesses subject matter jurisdiction
over Appellants’ claim for a writ of mandamus.  See Tex. Const. art. V,
§ 8; In re Nolo Press/Folk Law, Inc., 991 S.W.2d at 775.  That
Appellants may, as Appellees argue, possess an adequate remedy at law and may
therefore not be entitled to mandamus relief does not operate to deprive the
trial court of subject matter jurisdiction over Appellants’ mandamus action.  See,
e.g., Cnty. of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002) (explaining
that “[i]n deciding a plea to the jurisdiction, a court may not weigh the
claims’ merits but must consider only the plaintiffs’ pleadings and the evidence
pertinent to the jurisdictional inquiry”).  Any determination that Appellants
may possess an adequate remedy by appeal would be a determination of the merits
of Appellants’ claim for mandamus relief, not related to the trial court’s subject
matter jurisdiction.

Accordingly,
reviewing the trial court’s ruling on Appellees’ pleas to the jurisdiction de
novo, and construing the pleadings liberally in favor of Appellants, we hold
that the trial court erred when it determined that it lacked jurisdiction over
Appellants’ claim for mandamus relief against all Appellees.  See Tex.
Const. art. V, § 8; In re Nolo Press/Folk Law, Inc., 991 S.W.2d at 775; Cleveland,
802 S.W.2d at 907.

Having
determined that the trial court possesses jurisdiction over all of Appellants’
pleaded claims, we sustain subissue C of Appellants’ sole issue.

V.  Conclusion

Having
determined that the trial court erred by granting Appellees’ pleas to the
jurisdiction, we reverse the trial court’s judgment and remand Appellants’ claims
for declaratory judgment, for injunctive relief, and for a writ of mandamus
asserted against all Appellees, to the trial court for further proceedings
consistent with this opinion.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; WALKER and MCCOY, JJ.

 

DELIVERED:  August 16, 2012









[1] The term “Cities” as
utilized herein refers to City of Willow Park and City of Aledo.





[2]The taxing entities in
Parker County, including the Cities, contracted for Parker County Appraisal
District to serve as their tax collector.  See Tex. Tax Code Ann. §
6.24(a) (West 2008).  Therefore, Hammonds, as the chief appraiser for Parker
County Appraisal District, also serves as the Cities’ tax collector.  





[3]Appellants also filed a
plea to the jurisdiction.  Appellants’ plea alleged that the trial court lacked
jurisdiction over the Cities’ claims against Appellants because the Cities had
failed to exhaust their administrative remedies by failing to invoke the
challenge petition procedure set forth in tax code section 41.03, entitled “Challenge
by Taxing Unit” and authorizing a taxing unit to challenge before Parker County
ARB the “failure to identify the taxing unit as one in which a particular
property is taxable.”  Id. § 41.03(a)(5) (West 2008).  The trial court
did not rule on Appellants’ plea to the jurisdiction; thus, the merits of
Appellants’ plea to the jurisdiction are not before us in this appeal.





[4]All statutory citations
herein are to the Texas Tax Code unless indicated otherwise.





[5]Section 42.09 provides, in
part, that “procedures prescribed by this title for adjudication of the grounds
of protest authorized by this title are exclusive.”  Tex. Tax Code Ann. § 42.09(a)
(West 2008).





[6]Appellants assert that the
other exceptions to the exhaustion-of-administrative-remedies doctrine also
apply here, but only a discussion of the acting-outside-statutory-powers
exception is necessary to the disposition of this appeal.  See Tex. R.
App. P. 47.1 (requiring appellate court to address only issues necessary to
final disposition of an appeal).

We note, however, that Appellants’ contention that the
administrative-agency-cannot-grant-the-relief-requested exception to the
exhaustion-of-administrative-remedies doctrine is also potentially dispositive
because no protest procedures exist to contest an already-issued, statutorily
unauthorized tax bill received from the tax assessor collector on
already-appraised property.  See Tex. Tax Code Ann. § 41.41(a)(9)
(authorizing protest of actions of chief appraiser, appraisal district, or
appraisal review board but not actions of tax assessor/collector); Dallas
Cent. Appraisal Dist. v. 1420 Viceroy Ltd. P’ship, 180 S.W.3d 267, 269–70
(Tex. App.—Dallas 2005, no pet.) (explaining that tax code did not authorize
protest of action of taxing unit).





[7]The cases relied upon by
Appellees do not involve a challenge to the use of section 25.21 to add taxing
units to a district’s appraisal records, as in this case, or allege that a
government official or agency acted outside his or its statutory authority, as
in this case; the cases relied upon by Appellees involve challenges to an
appraisal.  See Cameron Appraisal Dist., 194 S.W.3d at 501–02 (taxpayers
were required to file a protest to challenge appraisal district’s decision to
appraise their trailers as “manufactured homes,” instead of as nontaxable
“recreational vehicles”); Matagorda Cnty. Appraisal Dist., 165 S.W.3d at
330–31 (“[i]n this case, the taxpayer Coastal Liquids Partners, L.P. challenged
the Matagorda County Appraisal District’s valuation of the Hiltpold #1 and
Hudson #3 caverns”); Webb Cnty. Appraisal Dist., 792 S.W.2d at 952
(“[t]his case involves a dispute over property tax valuation[;] . . . the []
appraisal district valued the property at $4,648,638.00[; and t]axes were to be
assessed on that amount”); MAG-T, L.P. v. Travis Cent. Appraisal Dist.,
161 S.W.3d 617, 625–27 (Tex. App.—Austin 2005, pet. denied) (explaining that
taxpayers filing amnesty renditions on untaxed personal property were required
to protest increase in appraised value of property that was made to account for
the personal property disclosed in the renditions).  Appellants here do not
challenge the valuation or appraisal of their properties.

Likewise, City of Aledo’s contention that section
25.21’s use of the phrase “omitted from an appraisal roll” could mean
omitted from the city’s appraisal roll fails because an appraisal district is
not authorized to add a property to a city’s appraisal roll unless the city is
first identified in the district’s records as a taxing unit of the property.  See
Tex. Tax Code Ann. § 25.02(a)(11) (West 2008) (indicating that district’s
appraisal records shall include an identification of each taxing unit in which
the property is taxable), § 26.01(a) (West Supp. 2012) (providing that the
taxing unit’s appraisal roll is that part of the district’s appraisal roll that
lists the property taxable by the unit).





[8]That is, no supplemental
appraisal record exists indicating that it is for any of the tax years
2003–2007 as required by section 25.23(b) and section 25.02(a)(10).





[9]Appellees argue that
property owners are under a duty to pay taxes, even in the absence of a tax
bill.  See Tex. Tax Code Ann. § 31.01(g) (West Supp. 2011); McPhail v.
Tax Collector of Van Zandt Cnty., 280 S.W. 260, 265 (Tex. Civ. App.—Dallas
1925, writ ref’d).  We do not hold otherwise; in this interlocutory appeal from
the trial court’s order sustaining Appellees’ pleas to the jurisdiction on all
Appellants’ claims, we need not and do not determine the merits of the proper
procedure to be utilized by Appellees in assessing and collecting back city
taxes on Appellants’ properties.  We hold only, as set forth below, that the
trial court possesses jurisdiction over Appellants’ claims.





[10]Appellees’ pleas to the
jurisdiction do not specifically address Appellants’ claim for injunctive
relief; the pleas generally assert failure to exhaust administrative remedies
and governmental immunity as to all Appellants’ pleaded claims.  Our review is
limited to the grounds set forth in the pleas to the jurisdiction filed in the
trial court.  See City of Dallas v. First Trade Union Sav. Bank, 133
S.W.3d 680, 686–88 (Tex. App.—Dallas 2003, pet. denied).





[11]Appellants filed a
petition asserting a class action; this is their live pleading.  However, the
trial court granted Appellees’ pleas to the jurisdiction prior to any class
certification hearing or ruling.