**DENIED and Opinion Filed December 20, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00731-CV**

**IN RE JOSEPH WAYNE HUNTER, Relator**

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-56295-R**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Joseph Wayne Hunter filed a petition for writ of mandamus seeking to compel the trial court to send a copy of his motion seeking post-conviction DNA testing to the State and require the State to file a response within sixty days as required by article 64.02(a) of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.02(a). The Court ordered the respondent and real party in interest to file a response to the petition.

The State filed a response showing the trial court has issued to the State a notice styled "Court's Notification of Pro Se Motion Seeking Post-Conviction DNA Testing." The trial court's notification directs the State to file a response within sixty

days. The trial court attached a copy of relator's motion to the notification. The State contends relator's petition for mandamus has been rendered moot.

Relator has filed a reply to the State's response. In his response, relator states he is unopposed to dismissing the mandamus proceeding provided that the Court issues an order requiring the respondent and real party in interest to furnish him with copies of the State's response to the motion and the trial court's final order so that he might perfect an appeal.

The trial court's notification to the State delivers all of the relief relator requested and is entitled to, thus rendering his petition for writ of mandamus moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (original proceeding) (mandamus relief rendered moot when relator received information he was seeking); *In re Johnson*, 599 S.W.3d 311, 311–12 (Tex. App.—Dallas 2020, orig. proceeding) (mandamus proceeding seeking ruling on motion rendered moot when respondent trial court ruled on motion). Accordingly, we agree with the State that this matter is now moot. *See Bonilla*, 424 S.W.3d at 534 (dismissal is proper when mandamus proceeding becomes moot); *Johnson*, 599 S.W.3d at 312 (dismissing petition for writ of mandamus after matter became moot).

The order relator requests in his reply, directing the trial court and the State to provide relator with copies of the State's response and the trial court's final order, is not appropriate for mandamus relief. First, regarding the State, the Court does not

have mandamus jurisdiction over a district attorney unless it is necessary to enforce our own jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b).

Second, regarding the trial court, the duties relator asks us to enforce are not yet due, and we will not presume the trial court will fail to provide relator with proper notices in the pending Chapter 64 proceeding. *See Cleveland v. County of Jack*, 802 S.W.2d 906, 908 (Tex. App.—Fort Worth 1991, no writ) (mandamus not available to compel performance of duty to be performed in future); *see also State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985) (mandamus acts to undo or nullify act already performed).

We deny as moot relator's petition for writ of mandamus.


210731f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE